UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LENNARD COLEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-21-RLM-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Plaintiff Lennard Coleman filed a prisoner complaint pursuant to 42 U.S.C. § 1983. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Coleman alleges that on August 4, 2017, he was cleaning C-Cell house floors as part of his job. All other inmates were required to be either in recreation or locked up, but this rule wasn't enforced and offender Christopher McCorker was outside his cell. Mr. Coleman told Mr. McCorker that he wasn't supposed to be in that area because he was interfering with cleaning the floors. In return, Mr.

McCorker stabbed Mr. Coleman seven times with a shank, injuring his left arm, right hand, abdomen, both thighs and calves.

There's no indication that Mr. McCorker acted under a color of state law, which is a necessary condition for stating a § 1983 claim. *See* Cosgriff v. Cty. of Winnebago, 876 F.3d 912, 915 (7th Cir. 2017) ("Section 1983 prohibits unconstitutional actions by persons acting under the color of state law."). Accordingly, his claim against Mr. McCorker pursuant to § 1983 will be dismissed.

Officer Hubbard and Sgt. Lott responded to the attack on Mr. Coleman. Officer Hubbard was going to call for medical assistance, but Sgt. Lott told him not to. At this point, another offender was walking by and was, according to Mr. Coleman, "in the process of a rule violation." (ECF 1 at 3.) The officers dealt with that offender and Sgt. Lott then found a wheelchair and took Mr. Coleman to the infirmary. According to Mr. Coleman, "this took approximately 20 to 30 minutes" and Mr. Coleman was bleeding profusely.

Given the inferences that the Court must draw in Mr. Coleman's favor, these allegations state the Eighth Amendment deliberate indifference claims against Sgt. Lott and Officer Hubbard. Deliberate indifference can be shown in two steps: "The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." Sherrod v. Lingle, 223 F.3d 605, 610 (7th Cir. 2000). Mr. Coleman has sufficiently alleged that he was suffering from a

2

serious medical condition. It's not implausible to infer from the complaint that the two officers were recklessly disregarding his welfare as he bled profusely.

At the infirmary, Dr. Thompson couldn't insert an IV because Mr. Coleman was nearly unconscious and had very weak pulse. Dr. Thompson ordered that Mr. Coleman be taken to the hospital, where he received forty-nine stitches. According to Mr. Coleman, when he returned to the prison, Dr. Thompson changed the medications that were prescribed to him at the hospital, which led to a lot of pain in hands and legs.

None of these allegations state a deliberate indifference claim under the Eighth Amendment. There's nothing to suggest that Dr. Thompson did anything reckless to Mr. Coleman when he saw him on the day of the attack. He tried to administer an IV but couldn't do so due to Mr. Coleman's condition. He then ordered that Mr. Coleman be transported to the hospital. This is a far cry from deliberate indifference. When Mr. Coleman returned from the hospital, Dr. Thompson changed Mr. Coleman's medications, but one cannot infer from the complaint that the changes were reckless.

Mr. Coleman sues Superintendent Ron Neal for failing to ensure that the inmates weren't roaming about when they were supposed to be in recreation or locked in their cells. Mr. Coleman claims that had this policy been enforced, Mr. McCorker wouldn't have attacked him. To state a failure-to-protect claim, Mr. Coleman had to allege facts from which the court could conclude that he faced a substantial risk of serious harm, and that the Superintendent knew of and disregarded that risk. *See* Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).

Since prisons are dangerous places, a general risk of violence is not enough. Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir. 2005). Mr. Coleman gives no reason to think that Superintendent Neal—or anyone else—knew or should have known that Mr. Coleman was at risk of an attack by Mr. McCorker. Mr. Coleman can't maintain a § 1983 suit against the Superintendent under a theory of *respondeat superior*. Rather, he must allege his own actionable wrongdoings. There is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Lennard Coleman leave to proceed on claims for compensatory damages against Officer Hubbard and Sgt. Lott in their individual capacities, for allegedly violating his rights under the Eight Amendment by failing to summon medical help after he was attacked by another inmate on August 4, 2017, during the twenty to thirty minute period before he was taken to the infirmary;

(2) DISMISSES defendants Superintendent Ron Neal, Dr. Thompson, and Christopher McCorker;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer Hubbard and Sgt.

Lott with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of:

a.  Officer Hubbard if he does not waive service and if the Indiana Department of Correction has such information; and

b. Sgt. Lott if he does not waive service and if the Indiana Department of Correction has such information;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Hubbard and Sgt. Lott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Coleman has been granted leave to proceed in this screening order.

SO ORDERED on August 26, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT