UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LENNARD COLEMAN,

    Plaintiff,

    v.                                     CAUSE NO. 3:19-CV-21-RLM-MGG

LOTT, et al.,

    Defendants.

## OPINION AND ORDER

Lennard Coleman, a prisoner without a lawyer, is proceeding in this case "against Officer Hubbard and Sgt. Lott in their individual capacities, for allegedly violating his rights under the Eighth Amendment by failing to summon medical help after he was attacked by another inmate on August 4, 2017, during the twenty to thirty minute period before he was taken to the infirmary . . .." ECF 14 at 4. The defendants moved for summary judgment on the ground that Mr. Coleman didn't exhaust his administrative remedies before filing suit. Mr. Coleman filed a response and the defendants filed a reply. Mr. Coleman filed a sur-reply, which the defendants moved to strike. ECF 35 and 36. The court entered an order striking Mr. Coleman's sur-reply and granting him until July 21, 2021, to file an amended response to the summary judgment motion. ECF 42. The court cautioned Mr. Coleman that if he did not file an amended response by the deadline, the court would resolve the summary judgment motion based solely on his original response and nothing in his sur-reply would be considered. *Id.* This deadline passed several weeks ago, and Mr. Coleman

hasn't filed an amended response. The summary judgment motion is ripe for ruling, and the court will only consider Mr. Coleman's original response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can be

2

excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). "[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it." Hurst v. Hantke, 634 F.3d 409, 412 (7th Cir. 2011).

The parties agree that: (1) the prison had a grievance system; (2) this event was grievable; (3) the grievance system gave Mr. Coleman ten business days to submit an informal grievance and ten more business days to submit a formal grievance; (4) Mr. Coleman didn't submit a grievance within the time limits provided in the grievance system; and (5) Mr. Coleman first submitted a grievance in July 2018, nearly a year after the incident alleged in his complaint, which the grievance office returned as untimely. The only dispute remaining between the parties is whether the grievance process was available to Mr. Coleman. Mr. Coleman says the grievance process was unavailable to him for several reasons.

First, Mr. Coleman says he was incapable of timely filing a grievance because he was hospitalized after being stabbed and did nt have access to grievance forms. The defendants respond that Mr. Coleman's hospitalization didn't make the grievance process unavailable because he returned from the hospital the day after his wounds were treated. The defendants cite to an e-mail stating Mr. Coleman had been "housed on G-Dorm 1 since his return from St. Anthony of 8/5/17[,]" the day after the stabbing. The medical records Mr. Coleman provided show he was treated at the hospital on August 4, 2017, and a physician stated he could "follow-up in the ISP clinic" if he had further problems. Mr. Coleman doesn't provide any evidence he was

3

hospitalized at any time after August 5, 2017. Because the undisputed evidence shows Mr. Coleman was only hospitalized from August 4 to August 5, 2017, Mr. Coleman's hospitalization didn't make the grievance process unavailable to him.

Second, Mr. Coleman argues he couldn't file a timely grievance because "his hand was unusable to write a grievance." ECF 33 at 6. The defendants respond that, even if Mr. Coleman's hand injury prevented him from filling out a grievance, the Grievance Process allowed Mr. Coleman to seek help from other offenders or staff to file a grievance. Mr. Coleman was given a chance to respond to this argument and explain why he was unable to request assistance in filling out a grievance. *See* ECF 42. He didn't do so. Even if Mr. Coleman's hand injury prevented him from filling out a grievance on his own, it's undisputed Mr. Coleman could have requested assistance from prison staff or another offender to fill out a grievance. Mr. Coleman's hand injury didn't make the grievance process unavailable to him.

Lastly, Mr. Coleman asserts submitting a grievance would have resulted in "undue prejudice" and would have been "futile," but he hasn't pointed to any evidence or facts in support of these assertions and doesn't explain why submitting a grievance would have prejudiced him. *See* Carroll v. Lynch, 698 F.3d 561, 565 (7th Cir. 2012) (noting that inferences "supported by only speculation or conjecture" do not create genuine issues of fact) (internal citations omitted); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (holding there is no futility exception to the exhaustion requirement). Because Mr. Coleman hasn't shown the grievance process was unavailable to him, the undisputed evidence demonstrates Mr. Coleman didn't exhaust his available administrative remedies with respect to his claims. The court grants the motion for

4

summary judgment. Because there are no remaining claims, this case is dismissed without prejudice. *See* Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 26);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on August 18, 2021

          /s/ Robert L. Miller, Jr.
          JUDGE
          UNITED STATES DISTRICT COURT