UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LENNARD COLEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>LOTT, et al.,<br><br>    Defendants. | CAUSE NO. 3:19-CV-21-RLM-MGG |

## OPINION AND ORDER

  Lennard Coleman, a prisoner without a lawyer, moves the court for reconsideration of the court's order granting summary judgment in favor of the defendants. The court granted the defendants' summary judgment motion because the undisputed facts showed that Mr. Coleman didn't exhaust his administrative remedies before filing suit. It was undisputed Mr. Coleman didn't submit any grievances until nearly a year after the incident alleged in his complaint. The court rejected Mr. Coleman's argument the grievance process was unavailable to him, finding that: (1) Mr. Coleman's hospitalization didn't make the grievance process unavailable because he was only hospitalized for one day; and (2) Mr. Coleman's hand injury didn't make the grievance process unavailable because, even if Mr. Coleman couldn't physically write out a grievance, he didn't explain why he was unable to request assistance from prison staff or another offender to fill out a grievance. *Id.* at 3-4.

  Mr. Coleman raises two arguments in his motion for reconsideration. First, Mr. Coleman argues his hospitalization made the grievance process unavailable

because, after he was discharged from the hospital, he was housed in an infirmary unit for two months where he had minimal contact with anyone. *Id.* at 1. This argument doesn't warrant reconsideration because it doesn't explain why Mr. Coleman couldn't file a grievance until nearly a year after the incident alleged in his complaint. Second, Mr. Coleman argues his hand injury made the grievance process unavailable because he couldn't get help in filling out a grievance, as he was alone in the infirmary, the medical staff didn't have authorization to write out grievances, and he never received grievance forms he requested from his counselor. *Id.* at 1-2. Arguments that "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration." King v. Ford Motor Co., 872 F.3d 833, 838–39 (7th Cir. 2017); *see also* Publishers Resource v. Walker–Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion).

    Mr. Coleman hasn't raised any arguments that warrant reconsideration of the court's order granting summary judgment in favor of the defendants. For these reasons, the court DENIES the motion to reconsider (ECF 49).

    SO ORDERED on September 20, 2021

    /s/ Robert L. Miller, Jr.
    _____
    JUDGE
    UNITED STATES DISTRICT COURT